# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:23-CR-0273-S |
| | § | |
| BABATUNDE JOHNSON (1) | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Babatunde Johnson's Motion to Extend Time to File Notice of Appeal ("Motion") [ECF No. 70]. Having reviewed the Motion, the Government's Response to the Motion ("Response") [ECF No. 80], Defendant's Reply in Support of the Motion ("Reply") [ECF No. 83], and the applicable law, the Court **GRANTS** the Motion.

Federal Rule of Appellate Procedure 4 establishes a 14-day period from the Court's entry of judgment in which a defendant may file a timely notice of appeal. FED. R. APP. P. 4(b)(1)(A). Rule 4 also allows the Court to extend the notice of appeal deadline for thirty days based "[u]pon a finding of excusable neglect or good cause." FED. R. APP. P. 4(b)(4).

The Fifth Circuit has not yet addressed whether "excusable neglect" and "good cause" are separate assessments. *See United States v. Wiley*, No. 23-60068, 2024 WL 400194, at *3 (5th Cir. Feb. 2, 2024). Although Rule 4(b) allows for extending the notice of appeal deadline "[u]pon a finding of excusable neglect *or* good cause," FED. R. APP. P. 4(b)(4) (emphasis added), courts tend to examine both either in tandem or interchangeably, often under the excusable neglect framework established in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993). *See United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) ("*Pioneer* controls determinations of

excusable neglect under Rule 4(b)."[1] Thus, the Court applies the *Pioneer* framework to both the excusable neglect and good cause inquiries.

The "excusable neglect" or "good cause" analysis is a fact-intensive, case-by-case inquiry that lies within the Court's discretion. *United States v. Ramos Juarez*, 960 F.3d 709, 711 (5th Cir. 2020); *Pioneer*, 507 U.S. at 395. The Supreme Court has construed "excusable neglect" to permit courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. As such, courts often find excusable neglect or good cause when counsel makes a good-faith mistake that causes a defendant to miss an appeal deadline, such as when counsel calendars the wrong date or miscalculates a deadline. *See United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999) (discussing cases). But a defendant simply changing his mind does not constitute excusable neglect or good cause that justifies an extension under Rule 4(b)(4). *See Gann v. Smith*, 443 F.2d 352, 353 (5th Cir. 1971) (excusable neglect); *United States v. Rankin*, 298 F. App'x 383, 2008 WL 4776329, at *1 (5th Cir. 2008) (good cause).

Here, the Court exercises its discretion and finds that Defendant has shown excusable neglect or good cause to justify extending his notice of appeal deadline. While the Government is correct that Defendant changed his mind about wishing to appeal, additional circumstances exist here: (1) Defendant was transferred between facilities twice, once during his appeal window, impacting his ability to contact counsel; and (2) counsel did not act on Defendant's request until over a week later.

---

[1] However, one court in this district differentiated the standards, noting that the good cause standard "is applicable in situations in which there is no fault . . . excusable or otherwise." *United States v. Lewis*, No. 3:13-CR-00177-N-1, 2021 WL 3885237, at *2 (N.D. Tex. Aug. 31, 2021) (citing *Hager v. Underwood*, No. 3:18-CV-355-D, 2019 WL 4246608, at *2 (N.D. Tex. Sept. 5, 2019)). Even if this definition controlled, Defendant meets the excusable neglect standard laid out in *Pioneer*. 507 U.S. at 395.

The Court entered its written judgment on July 10, 2025. *See* J. [ECF No. 68]. Defendant's first transfer between facilities occurred eight days later, on July 18, 2025. Reply 1-2. Defendant's transfer, coupled with needing to prepare for transfer for the first time, complicated his ability to communicate with counsel. *Id.* Less than two weeks later, on August 4, 2025, Defendant transferred facilities again. *Id.* at 1-2. Defendant left counsel a voicemail after his second transfer, indicating that he had changed his mind and wished to file an appeal. Mot. 1. However, counsel did not file the Motion until eight days after Defendant reached out because of counsel's workload.[2]

First, the Court concludes that Defendant's failure to consider the appeal decision and advise counsel within the 14-day period is not the type of carelessness that forecloses relief under Rule 4(b)(4). Counsel has a "constitutionally imposed duty" to discuss the possibility of appeal with a defendant when "there is reason to think that either (1) that a rational defendant would want to appeal . . . , or (2) that [a] defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). But a defendant is not entitled to relief if he "cannot demonstrate that, but for counsel's deficient performance, he would have appealed, [and] counsel's deficient performance has not deprived him of anything." *Id.* at 484.[3] Here, although there is no "bright-line rule that counsel must always consult with the defendant regarding an appeal," the Court finds that counsel had a duty to discuss with Defendant filing a

---

[2] Counsel for Defendant admitted that she was unable to speak with Defendant until August 20, 2025, "due to other work obligations and issues with [Defendant] being transported between detention facilities." Mot. 1.

[3] Defense counsel cites *Flores-Ortega* for the proposition that a "lawyer who does not file a notice of appeal when a client instructs them to do so is 'per se ineffective.'" Reply 2 (citing *Flores-Ortega*, 528 U.S. at 484-85). However, the Supreme Court in *Flores-Ortega* rejected a per se rule. *See* 528 U.S. at 484 ("This *per se* prejudice rule ignores the critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal.").

3

motion for extension of time to appeal. *Id.* at 480. Although Defendant left the voicemail after the 14-day appellate deadline had passed, the voicemail "demonstrated to counsel that he was interested in appealing." *Id.* Counsel admitted that she erred when failing to act on Defendant's request until eight days after he reached out. Mot. 1-2; Reply 2. The Fifth Circuit has upheld the right to extend time to file a notice of appeal under similar circumstances. *See Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *2 (5th Cir. Sept. 8, 2025) (affirming the district court's grant of a motion for extension when the "misstep resulted from his counsel's busy schedule, which caused his counsel to miscalculate the filing deadline"); *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (affirming district court's grant of motion to extend time to file notice of appeal when defendant's counsel "accidentally entered the incorrect year into her new computer-based calendar"); *Sparks v. L.M. Berry & Co.*, 184 F.3d 815, 1999 WL 499519, at *3 (5th Cir. 1999) (upholding grant of an extension based on counsel's "busy trial practice, an ill child, and a miscalculation of the days," and because counsel demonstrated good faith). Counsel admitted in good faith that she did not file the Motion until eight days after Defendant first communicated with her once "the dust settled" from moving facilities twice. Reply 2. Further, an extension would not result in any prejudice to the Government. The Government will have the same amount of time to prepare responsive briefing "as it would have had the notice of appeal been timely." Mot. 2.[4]

In summary, Defendant was preoccupied with two facility transfers shortly after sentencing, and his counsel did not address Defendant's request until eight days after he left her a

---

[4] The Government does not contest that an extension does not prejudice it.

voicemail. The Court finds that these circumstances amount to excusable neglect or good cause to justify extending Defendant's notice of appeal deadline.

For these reasons, the Court **GRANTS** Defendant's Motion to Extend Time to File Notice of Appeal [ECF No. 70]. The Court **ORDERS** Defendant to file any notice of appeal by no later than October 17.

**SO ORDERED.**

SIGNED September 19, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**